44673.   WEST et al. v. WEST et al.

Submitted September 11, 1969—Decided October 20, 1969.

*E. J. Hendon, Jr., Hoyt L. Bradford,* for appellants.

*Walter V. Beasley,* for appellees.

QUILLIAN, Judge. The question for determination is whether the appellee, as administratrix of Samuel Winford West, should receive the proceeds of the group policy or should Mrs. Annie L. Day, the insured's mother, receive the insurance payment.

The beneficiary designation form, signed by the insured, provided: "Have payment made in the order of precedent set forth in the law." Following the provision of U. S. C. A. § 38-770 (Added Pub. L. 89-214, § 1 (a), Sept. 29, 1965, 79 Stat. 883) the policy provides: "If at the death of the member, there be no surviving designated beneficiary as to all or any part of his insurance, then the amount of the insurance payable for which there is no surviving designated beneficiary shall be payable to the person or persons listed below surviving at the date of the member's death in the following order of precedence: 1. To the widow or widower of the member; 2. If neither of the above, to the child or children of the member, in equal shares, and descendants of deceased children by representation; 3. If none of the above, to the parents of such member, in equal shares, or the survivor of them."

The appellant first contends that the record does not support the finding of the jury that the insured predeceased his son. With this contention we cannot agree. There was evidence that immediately after the collision the insured father: had no pulse beat; eyes were dilated staring straight ahead; was not breathing; had no movement of his body. There was opinion testimony based on the above facts that the insured was dead immediately after the collision. However, in regard to the child there was evidence that the child was crying after the collision and was alive when he was placed in the ambulance.

The appellant further argues that the insured son would not have been entitled to the proceeds of the policy because the federal statute provides that payment of the death gratuity is conditioned upon the beneficiary being alive to receive such payment. The provision of Public Law 89-214 was in regard to the interim coverage until the effective date of the group plan. After the group plan took effect the provisions of U. S.

510

C. A. § 38-770 controlled the conditions and priority of payment to the beneficiaries of the group policy.

The insured's son, Samuel Winford West, was "surviving at the date" of the insured's death and thus was entitled to the proceeds of the policy.

*Judgment affirmed. Pannell and Evans, JJ., concur.*